# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Bankruptcy No. 20-22585-GLT |
| Paul Anthony Ionadi, | ) |
| **Debtor,** | ) Chapter 13 |
| Northwest Bank f/k/a | ) |
| Northwest Savings Bank, | ) Related Document No. 94-93 |
| **Movant,** | ) Hearing Date: 12/14/22 @ 9:00 a.m. |
| vs. | ) Response Due: 11/28/22 |
| Paul A. Ionadi and | ) |
| Ronda J. Winnecour, Chapter 13 Trustee, | ) |
| **Respondents.** | ) Document No. |

## DEBTOR'S REPONSE TO AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**AND NOW,** comes the Debtor, Paul Anthony Ionadi, by and through his attorneys of record, David Z. Valencik and Calaiaro Valencik, and responds as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted. By way of further averment, this is the Debtor's residence.

7. Admitted.

8. It is denied that the movement formally declared a default.

9. Admitted.

10. Admitted.

11. It is admitted that the Movant filed a proof of claim. The Debtor does not have the information in his possession to calculate the amount due at the time of filing. That information is in the exclusive possession of the Movant. Therefore, the remaining

allegations of paragraph 11 of the Movants Motion are denied.

12. Denied. The Debtor does not have the information in his possession to calculate the amount due at the time of filing. That information is in the exclusive possession of the Movant.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied as stated. The Debtor believes that he is less than one payment in arrears to the Movant.  By way of further response, during the course of this case this creditor has received $64,608.80 in regular monthly payments and $53,469.81 toward its arrears for a total of $118,078.61. Debtor believes and avers that his loan balance is now less than $441,000.00.

18. Denied as stated. The Movant has received in excess of $5,574.76 on November 23, 2022.

19. Denied. The Debtor believes that this figure does not include the recent distribution to the Movant and is therefore inflated.

20. Admitted as to the creditors. Denied as to the amounts owed.

21. The Debtor hereby incorporates by reference his responses in paragraphs 1- 20 as if fully set forth.

22. It is admitted that paragraph 22 of the Motion is a recitation of the Bankruptcy Code. It is Denied that cause exists to grant the requested relief. The Debtor is substantially current to the Movant, and they are adequately protected by

equity in the property. By way of further averment, the Debtor has recently applied for assistance from PA Homeowner Assistance Fund, which could provide an additional $30,000.00 toward the arrears owed on the Movant's mortgage. In addition, the sale of Debtor's real estate on Glenwood Avenue will provide additional funding to the plan.

23. It is Denied that cause exists to grant the requested relief. The Debtor is substantially current to the Movant, and they are adequately protected by equity in the property.

24. Denied. The Debtor believes that he is less than one payment in arrears to the Movant.

25. Denied as stated. The Debtor believe there is equity as a result of his plan payments in this case. The Movant is adequately protected by this equity.

26. Denied. The Movant is adequately protected by both payments and equity in the real estate. No cause exists to grant the relief requested by the Movant.

**WHEREFORE**, the Debtor respectfully requests that this Court deny Movants request for relief.

**Respectfully submitted,**

**Dated:** November 28, 2022

**BY:** /s/ David Z. Valencik
**David Z. Valencik, Esquire**
**PA I.D. No. 308361**
dvalencik@c-vlaw.com
**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA  15222-3708**
**(412) 232-0930**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy No.** 20-22585-GLT |
| Paul Anthony Ionadi, | ) |
| **Debtor,** | ) **Chapter** 13 |
| Northwest Bank f/k/a | ) |
| Northwest Savings Bank**,** | ) **Related Document No.** 94-93 |
| **Movant,** | ) **Hearing Date:** 12/14/22 @ 9:00 a.m. |
| vs. | ) **Response Due:** 11/28/22 |
| Paul A. Ionadi and | ) |
| Ronda J. Winnecour, Chapter 13Trustee, | ) |
| **Respondents.** | ) **Document No.** |

### CERTIFICATE OF SERVICE OF DEBTOR'S REPONSE TO AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on November 28, 2022.

Preston D. Jaquish on behalf of Creditor Northwest Bank f/k/a Northwest Savings Bank
pjaquish@lenderlaw.com
Office of the United States Trustee; ustpregion03.pi.ecf@usdoj.gov
Ronda J. Winnecour; cmecf@chapter13trusteewdpa.com

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: Electronic Notification

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**Executed on:** November 28, 2022        /s/ David Z. Valencik
**David Z. Valencik, Esquire**
**PA I.D. No. 308361**
**dvalencik@c-vlaw.com**
**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA  15222-3708**
**(412) 232-0930**